**LORINE CALHOUN, Plaintiff**

v.

**PADGETT TRANSPORT COMPANY, INC. and CEDRIC A. GUMBS, Defendants**

Civil No. 79/281

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 18, 1982

JOHN E. STOUT, ESQ. (GRUNERT, STOUT & SMOCK), St. Thomas, V.I., *for plaintiff*

JAMES W. DIEHM, ESQ. (ISHERWOOD, HUNTER & DIEHM), Christiansted, St. Croix, V.I., *for defendants*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

On May 7, 1982, after a two-day trial, a jury awarded the plaintiff $50,000.00 in damages she suffered as a result of a motor vehicle accident. The issues in the case were not noteworthy, the medical testimony, except for one local physician's personal appearance, was by deposition, and the plaintiff made a gigantic effort to convince the jury she had suffered permanent injuries. She did not meet with much success in obtaining the large verdict she asked for, largely because her own testimony did not seem completely sincere.

Plaintiff's attorney is now before the Court on an application for attorney's fees, seeking $8,814.50 in fees and an additional $3,135.16 in costs. Defendants' counsel opposes the award, both as to the fees and as to other costs.

With respect to other costs than the attorneys' fees, the Court will award $1,164.86. This includes filing fees and costs of Marshal's service of process, as well as statutory witnesses' fees. Further, costs of $436.58 for the deposition of Dr. Mark Betterman and $345.31 for the deposition of Dr. Darlene Hughes will also be allowed, as well as the costs for depositions of the parties and Dr. Sylvester O. McDonald totaling $325.97. All other costs will not be allowed.

As stated earlier, this case was not noteworthy, but it was unique in the problems plaintiff's counsel confronted in preparation for the medical testimony, and that of his own client. Much of the value of the medical testimony was lost by having it read into the record, a choice certainly not opted for by plaintiff's counsel. The testimony of the plaintiff herself was probably the single major element in keeping the verdict low. But it did demonstrate careful preparation by plaintiff's attorney, although the plaintiff did not always stay within the parameters of the testimony her own attorney had hoped for. In point of fact, the three areas of greatest involvement of plaintiff's counsel were obviously (1) preparation for and taking of depositions; (2) preparation for trial and (3) the trial itself.

In addition to an award of $750.00 for each of the two days of the trial itself, the Court will allow a further award for thirty-six

hours of attorney's effort at the $85.00 per hour rate charged by plaintiff's counsel. Thus, a total of $4,560 in fees and $1,164.86 in other costs, or a total of $5,724.86 will be awarded the plaintiff as indemnification for part of her counsel fees and other costs.